UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

====================================
)
**ANTHONY MAZZA** )
)
    **Plaintiff,** )
)
       v. )    No. 1:24-CV-10333-NMG
)
**CITY OF BOSTON, et alia** )
    **Defendants.** )
)
====================================

**MOTION TO SERVE THE CITY OF BOSTON ON BEHALF OF
THE DECEASED POLICE OFFICER DEFENDANTS**

Plaintiff Anthony Mazza, by his attorneys, respectfully moves this Court to order the City of Boston to accept service for deceased defendant police officers, Frank J. Olbrys, Edward Kennealy, John Spencer, John T. Murray, James Malamphy, Jerome P. McCallum, George H. Whitley, Edward Sherry, as provided by Massachusetts law.

In support of this motion, Plaintiff states as follows:

1.    Plaintiff filed this lawsuit on February 9, 2024, alleging that the Defendants caused him to be wrongfully convicted of a murder and robbery for which he was wrongfully incarcerated for forty-eight years.

2.    A summons and copy of the Complaint were served upon the City of Boston on February 14, 2024, as well as with a copy of the district court's decision in Rosario v. Waterhouse, No. 1:19-cv-10532-LTS, 2019 WL 4765082 (D. Mass Sep. 27, 2019) ("*Rosario*"), which allowed substitution of the City of Lowell Clerk for the

deceased police officer defendants therein.[1]

3. Counsel for Defendant City of Boston has appeared in the case and accepted service for the City, but explicitly not for the police officers, all of whom died more than a year prior to the Complaint at bar being filed. Affidavit of Counsel, attached hereto as Exhibit B; Affidavit of Katherine Isbell, attached as Exhibit C.

4. Based on information and belief, Defendants Frank J. Olbrys, Edward Kennealy, John Spencer, John T. Murray, James Malamphy, Jerome P. McCallum, George H. Whitley, and Edward Sherry are deceased (herein, "Deceased Defendants"). Ex. B; Ex. C.

5. On February 14, 2024, proof of service for the Deceased Defendants was returned un-executed, and Defendant City of Boston claimed that it did not have authority to represent any police officer or their estate.

6. After investigation, Plaintiff's counsel determined there are no open estates or appointed personal representatives for the Deceased Defendants. Ex. C.

Where federal law is insufficient to effectuate the purposes of federal civil rights laws, including 42 U.S.C. § 1983, Congress provided that:

> the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the

---

[1] A copy of the *Rosario* district court decision is attached as Exhibit A, which will be cited herein to the original pages as "Ex. A (Rosario), p. x;" the original page numbers are highlighted in yellow for ease of reference. Although *Rosario* is not binding on this court, it is cogent, well-reasoned, and persuasive, as set out below.

2

> Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]

42 U.S.C. § 1988 (emphasis added); *see also Hardin v. Straub*, 490 U.S. 536, 538 (1989). This statutory command that federal courts adopt state laws to the extent necessary to allow for civil rights actions to be prosecuted is mandatory. *SAS Inst., Inc. v. Iancu*, 584 U.S. 357 (2018) ("The word 'shall' generally imposes a nondiscretionary duty.").

In *Rosario*, which is factually and legally analogous to the case at bar, the court (Sorokin, J.), allowed plaintiff's motion to proceed against deceased defendant police officers. At first the motion was deemed premature because it appeared some of the officers were not deceased, and the court directed plaintiff to "file a motion with the Court supported by evidence sufficient to establish the one outstanding statutory criterion, the *absence of a personal representative.* Ex. A (Rosario), pp. 10-11. When plaintiff did so, plaintiff was allowed to proceed against the deceased officers by serving the City of Lowell:

> On September 27, 2019, this Court determined that Plaintiff Rosario may, if certain factual predicates are met, proceed against five deceased individuals by serving process on the City of Lowell pursuant to Mass. Gen. Laws ch. 190B, § 3-803(d)(2). Doc. No. 51. In light of Rosario's filing and its accompanying affidavits, Doc. Nos. 6465, Rosario's motion to proceed against the five deceased individuals by serving process on the City of Lowell is ALLOWED.

Rosario v. Waterhouse, No. 1:19-cv-10532-LTS, Docket No. 93, 2/3/2020. The court's analysis and application of Massachusetts law is equally applicable to this court ordering the City of Boston to accept service for the Deceased Defendants.

3

> M.G.L. c. 190B, § 3-803(d)(2), in relevant part states:
>
> Nothing in this section affects or prevents . . . an *action for personal injury* or death, if commenced more than 1 year after the date of death of the decedent, brought against the personal representative; provided further, that the action is commenced not later than 3 years after the cause of action accrues; and provided further, that a judgment recovered in that action shall only be satisfied from the proceeds of a *policy of liability bond or liability insurance*, if any, and not from the general assets of the estate; and provided further, that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant; and provided further, that in that event any *service of process that may be necessary shall be made upon the entity providing the insurance or bond*. (Emphasis added).

*Quoted in* Ex. A (Rosario), p. 3; *see also Fellows v. Perenzin*, No. 00-1445A, 2003 WL 734416, at *1 (Mass. Super. Jan. 8, 2003) (explaining the same under the prior iteration of the probate statute).

The first criterion is that the case at bar must be a personal injury action. The constitutional claims alleged by Plaintiff survive the deaths of the Deceased Defendants. *See, e.g., Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410 F. Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under M.G.L. c. 228, § 1, citing *Mellinger v. Town of West Springfield*, 401 Mass. 188 (1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024-25 (D. Mass. 1985). Accordingly, a civil rights action brought under 42 U.S.C. § 1983, such as the case at bar, is an "action for personal injury" within the meaning of chapter 190B § 3-803(d)(2). *See also* Ex. A (Rosario), pp. 5-6.

Therefore, the second criterion must be determined herein – whether the City of Boston provides to the Deceased Defendants a written liability bond, within the meaning of Chapter 190B, § 3-803(d)(2). Employing standard tenets of statutory interpretation, Ex. A (Rosario), pp. 4-5, it is clear that a municipality's written obligation to indemnify public employees such as police officers constitutes a "liability bond" with the meaning of chapter 190B, § 3-803(d)(2):

> [T]he Court presumes that the legislature intended "to use the term [liability bond] in its ordinary sense." *Casey v. Mass. Elec. Co.,* 467 N.E.2d 1358, 1362 (Mass. 1984). At its most elementary, a bond is simply a "written promise to pay money or do some act if certain circumstances occur." Black's Law Dictionary 200 (Bryan A. Garner ed., 9th ed. 2009). A "liability bond" is a "bond intended to protect the assured from a loss arising from some event specified in the bond." *Id.* at 201.

Ex. A (Rosario), pp. 6-7.

The City of Boston employed the Deceased Defendants during the relevant time period as detectives and patrol officers, and was the entity "providing the insurance or bond" within the meaning of Chapter 190B, § 3-803(d)(2) to indemnify members of the Boston Police Department acting within the scope of their employment. M.G.L. c. 258, § 9 allows the City to so indemnify the police for civil rights violations. Specifically citing the statute, the City herein bound itself, employing identical language in written liability bond clauses in collective bargaining agreements with both detectives and patrol officers:[2]

---

[2] Copies of representative collective bargaining agreements binding the City are attached as Exhibit D (patrol officers) and Exhibit E (detectives).

> The City will represent and *indemnify* bargaining unit members to the extent permitted by M.G.L. c. 258 § 9.

Ex. D, p. 25; Ex. E, p. 58 (emphasis added). It is irrelevant that the contractual obligation is not denominated a liability bond:

> Critically, in determining whether the City's indemnification obligation is a liability bond for purposes of the statute, the Court "disregard[s] nomenclature and look[s] at the substance of the bond itself," noting that "it makes no difference whether a bond is designated by that name or by some other, if it possess the characteristics of a bond." 1 Sylvester E. Quindry, Bonds & Bondholders Rights & Remedies § 2, at 3-4 (1934).

Ex. A (Rosario), pp. 6-7. In *Rosario*, the City of Lowell as the entity providing the liability bond, was required to "indemnify" municipal employees by a companion section of chapter 258, *i.e.*, section 13. Herein, section 9 binds the City of Boston, using the same term, "indemnify."[3]

The third statutory criterion is also met herein – the Deceased Defendants all died more than a year prior to the Complaint being filed, and there are no open estates or appointed personal representatives for them. Ex. B; Ex. C.

Finally, Chapter 190B, § 3-803(d)(2) provides that where, as in the case at bar, there is no personal representative and "in th[e] event any service of process . . . may be necessary," it "shall be made upon the entity providing the insurance or bond." *Id*. In this case, as set out above, that entity is the City of Boston.

Applying the procedure contained in chapter 190B § 3-803(d)(2) is in the

---

[3] That the City demurs that it has not adopted c. 258 § 13, is irrelevant since it is equally obligated to indemnify the Deceased Defendants by c. 258, § 9.

interests of justice and sound public policy, for each of three reasons:

1. It is consistent with the policy the legislature expressly envisioned;

2. To do otherwise would provide a windfall to the City; and

3. The legislative concerns underlying chapter 190B as a whole have no force unless municipal indemnification will support a final judgment).[4]

*See* Ex. A (Rosario), pp. 7-9.

Accordingly, Plaintiff prays this court to allow him to proceed against the Deceased Defendants by serving Defendant City of Boston with the required process.

                              ANTHONY MAZZA,
                              By his attorneys

                              /s/ John H. Cunha Jr.
                              John H. Cunha, Jr.
                              cunha@cunhaholcomb.com
                              B.B.O. No. 108580
                              Helen Holcomb
                              holcomb@cunhaholcomb.com
                              B.B.O. No. 547538
                              Charles Allan Hope
                              hope@cunhaholcomb.com
                              B.B.O. No. 634731
                              CUNHA & HOLCOMB, P.C.
                              I State Street, Suite 500
                              Boston, MA 02109-3507
                              (617) 523-4300

---

[4] It should also be noted, as the entity providing the liability bond indemnifying the Deceased Defendants, and pursuant to its contractual obligation to *represent* them herein, Exs. D and E, the City is the real party in interest. *Cross v. Hewitt*, 52 Mass. App. Ct. 538, 54 (2001) (the insurer is the real party in interest); *see also Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants).

## **CERTIFICATE OF SERVICE**

      Plaintiff conferred with Defendant City of Boston and provided a draft copy of this motion and memorandum.  The City intends to oppose the motion.  I hereby certify that on this date this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    /s/ John H. Cunha Jr.

Dated: April 29, 2024