UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

==================================
)
**ANTHONY MAZZA**  )
    Plaintiff,  )
)
    v.  )  No. 1:24-CV-10333-NMG
)
**CITY OF BOSTON, et alia**  )
    Defendants.  )
)
==================================

### REPLY TO DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION TO SERVE THE CITY OF BOSTON ON BEHALF OF THE DECEASED POLICE OFFICER DEFENDANTS

The Collective Bargaining Agreements ("CBAs") the defendant City of Boston ("City") entered into with the deceased officers herein each provide that "[t]he City *will represent and indemnify* bargaining unit members to the extent permitted by M.G.L. c. 258, § 9" (emphasis added).  The City's irrational premise, as articulated in its Opposition to Plaintiff's Motion to Serve the City of Boston on Behalf of the Deceased Police Officer Defendants ("Opposition"), is that since it *could have* chosen not to indemnify the defendant police officers herein, the blatant, uncontroverted fact that it *has chosen* to indemnify them should be ignored by this court.[1]  Stated otherwise, the City seeks to render legally meaningless both its admitted contractual obligation to indemnify the defendant police officers, and also, that by

---

[1] As to other facts, Plaintiff relies on the background facts set out in his Motion to Serve the City of Boston on Behalf of the Deceased Police Officer Defendants, incorporated herein by reference.

1

so contracting it provides "a liability bond or liability insurance" for the officers within the meaning of M.G.L. c. 190B, § 3-803(d)(2). The case law cited by the City in supposed support of its position is at best inapposite, and at worst flagrantly misleading:

- The primary thrust of the City's position is that the enabling statute, M.G.L. c. 258, § 9, does not mandate that the City indemnify its police officers; it merely authorizes the City to choose to do so, or to not do so. Opposition, pp. 4-7. Plaintiff agrees.

- The City concedes that it in fact has chosen to do so by contract, that is, it "will represent and indemnify" police officers, which includes the deceased detectives[2] herein "to the extent permitted by M.G.L. c. 258, § 9." Opposition, pp. 4,11. The City makes no claim it can legally refuse to indemnify a Boston Police Officer, including the officers herein, despite that contractual clause, nor could it.

- The two cases the City relies on in attempting to evade this contractual obligation, *Williams v. City of Brockton*, 2013 WL 254778 and *City of Boston v. Boston Police Patrolmen's Association, Inc.*, 48 Mass. App. Ct. 74 (1999), in fact do not support what the City asserts.

---

[2] To the extent the City asserts that only the detectives' CBA is applicable here, Plaintiff disagrees, as some of the deceased defendants were patrol officers with whom the City also contracted to indemnify, as set out in Plaintiff's motion. Plaintiff acknowledges that to the extent that M.G.L. c. 258, § 9 may limit the City's liability as to any individual defendant to $1,000,000, the CBAs herein may preserve such a statutory limitation as to each individual officer. However, that possibility is not yet before this Court.

- o In *Williams*, the contractual language at issue therein stated "[t]he policy for indemnification of officers for acts within the scope of employment shall be as per M.G.L. c. 258, § 9." *Williams v. City of Brockton*, 2013 WL 254778 at *8, emendation by the court.  However, the court in *Williams* only found that the statute means what it says, that is, Brockton may – or may not – indemnify, and the contractual language being interpreted merely preserved Brockton's discretion with regards to indemnification.  *Id.*

    Herein, to the contrary, the contractual term does *not* preserve the City's discretion, because it specifically *requires* indemnification "to the extent permitted" by § 9.  There is no dispute that the City, having been permitted by the statute to indemnify the deceased officers herein, determined to do so by binding contracts.  This case has no bearing on the case at bar.
- o In *Boston*, the Massachusetts Appeals Court determined that the City could not be ordered in arbitration to accept a contractual clause that provided for mandatory indemnification.  *City of Boston*, 48 Mass. App. Ct. at 75.  The City makes no argument that the indemnification clauses in the two CBAs at issue herein are invalid due to being improperly forced upon the City by an arbiter.  Again, this case has no bearing on the case

3

at bar.

- The City's argument that Plaintiff lacks standing, Opposition pp. 7-8, similarly fails. The City only argues that § 9 does not grant standing, but ignores that at law Plaintiff has standing pursuant to the CBAs' liability bond coupled with the provisions of M.G.L. c. 190B, § 3-803(d)(2). The City's reliance on two cases, *Stull v. Town of Weymouth et al.*, 2013 WL 5592605, and *Weichel v. Town of Braintree, et al.*, 1:20-cv-11456-IT, at ECF No. 85 (Exhibit 1 to the Opposition), in which *living* officers were found to be the only ones with standing to pursue indemnification against their respective cities, are not relevant here, where the Massachusetts statute specifically allows service on the liability insurance provider for *deceased* officers in these circumstances. M.G.L. c. 190B, § 3-803(d)(2). Once again, these two cases have no bearing on the case at bar.

- Without articulating any reason why, the City's position is that the language in the CBAs that "[t]he City *will represent and indemnify* bargaining unit members to the extent permitted by M.G.L. c. 258, § 9" (emphasis added) should be interpreted by this Court to have no binding force. Massachusetts law requires that contractual clauses be interpreted to have meaning, based on the premise that contracts are rational business instruments. *See Town of Framingham v. Framingham Police Officers Union*, Massachusetts Appeals Court 10-

4

      P-1712 (Rule 1:28 opinion), attached hereto as Exhibit 1.

- Herein, as required by the CBAs with the deceased police officers, the City is the provider of a "liability bond or liability insurance" and "any service of process that may be necessary shall be made upon the entity providing the insurance or bond," M.G.L. c. 190B, § 3-803(d)(2). Herein, that entity is the City.

The City's reliance on the fact that its statutory obligation to provide insurance and indemnification to the deceased defendants is permissive fails where it has in fact obligated itself, as a matter of binding contract, to provide liability insurance and indemnification to the full extent allowed by law. Most insurers are not obligated to provide insurance by statute; they do so as a matter of contract. The City is no different. As in *Rosario*, the City is the actual party of interest herein. Accordingly, the Motion must be allowed.

Plaintiff requests a hearing on this matter.

                              ANTHONY MAZZA,
                              By his attorneys

                              _____
                              John H. Cunha, Jr.
                              cunha@cunhaholcomb.com
                              B.B.O. No. 108580
                              Helen Holcomb
                              holcomb@cunhaholcomb.com
                              B.B.O. No. 547538
                              Charles Allan Hope
                              hope@cunhaholcomb.com
                              B.B.O. No. 634731
                              CUNHA & HOLCOMB, P.C.
                              I State Street, Suite 500
                              Boston, MA 02109-3507
                              (617) 523-4300

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                      _____
                                                                       John H. Cunha, Jr.

Dated: June 9, 2024