United States District Court
District of Massachusetts

| | |
|---|---|
| Anthony Mazza | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 24-10333-NMG |
| City of Boston et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff, Anthony Mazza ("plaintiff" or "Mazza") contends that he was wrongfully convicted of murder. After he was exonerated, he sued the defendant, City of Boston ("the City"), and several others for violation of his civil rights. In a prior memorandum and order, this Court allowed, in part, the City's motion to dismiss and subsequently denied plaintiff's motion for reconsideration.

In relevant part, the Court held that plaintiff had failed to plead sufficient facts to allege a plausible claim against the City for failure to train its police officers. Plaintiff now moves to amend his complaint in an effort to revive that claim. For the reasons set forth below, the motion to amend will be denied.

## I. Background

As the Court previously explained, plaintiff's involvement with the criminal justice system began in 1972 when a man was robbed and murdered in an apartment belonging to Robert Anderson ("Anderson"). Police arrested Anderson who then spoke with two detectives from the Boston Police Department ("BPD") and inculpated plaintiff.

After plaintiff's arrest, BPD detectives interviewed Anderson's brother, William, who allegedly told them that Anderson, not Mazza, was responsible for the murder. According to plaintiff, neither he nor his counsel ever received the recording or transcript of that interview. In 1973, plaintiff was tried, found guilty of murder and sentenced to life in prison. See Commonwealth v. Mazza, 313 N.E.2d 875 (Mass. 1974).

Two decades later, Mazza learned about the statements Anderson's brother had made to the BPD detectives. Based upon those statements, the SJC granted plaintiff a new trial. See Commonwealth v. Mazza, 142 N.E.3d 579, 581 (Mass. 2020). The Commonwealth chose not to re-prosecute, however, and plaintiff succeeded in having the conviction expunged from his record.

In 2024, plaintiff filed suit in this Court against both the City and numerous BPD detectives and officers. This Court allowed, in part, the City's motion to dismiss plaintiff's claims of direct liability and his civil rights claim against

- 2 -

the City for failure to train its officers. Plaintiff moved for reconsideration of that order which this Court denied. Plaintiff now seeks leave to amend his complaint to plead additional facts in support of the previously dismissed claim of failure to train which the City opposes.

## II. Legal Standard

When a party seeks leave to amend his complaint, courts will "freely" grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(3). The First Circuit has recognized that the amendment standard does not present a "high hurdle" to the moving party. Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013). Leave to amend should be denied, however, if it stems from

> undue delay, bad faith . . . [or] the absence of due diligence on the movant's part [or if amendment would result in] undue prejudice to the opposing party.

Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend will also be denied if it would be futile such that the amended complaint would fail to state a claim upon which relief can be granted. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In essence, a decision to allow or deny an amendment requires the Court to examine carefully the totality of the circumstances and exercise its broad discretion. Quaker

- 3 -

State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

### III. Analysis

In this case, the City first contends that leave to amend should be denied because of plaintiff's undue delay in seeking it. Whether a request to amend is unduly delayed is not simply determined by counting the days between the filing of a complaint and a request to amend. See Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 37 (1st Cir. 2022) (holding that length of time alone is not a sufficient basis for finding undue delay); compare Savoy v. White, 139 F.R.D. 265, 269 (D. Mass. 1991) (finding delay of over a year, without more, was not undue), with Stone v. GERS, Inc., No. CV 07-10743-JLT, 2008 WL 11388734, at *2 (D. Mass. July 1, 2008) (finding 13-month delay was undue). Instead, it depends upon on the reasonableness of the movant's actions. Calderón-Serra, 715 F.3d at 19. The longer a plaintiff delays before seeking leave to amend the more likely a motion to amend will be denied. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

When presenting a belated request to amend, the burden is on the movant to show some valid reason for his delay, Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979), and if he fails to do so, that delay alone is enough to justify denying a motion for leave to amend, Calderón-Serra, 715

F.3d at 20.  The reasons for amendment that the First Circuit have found valid are broad and include the filing of a motion to dismiss, a ruling indicating flaws in the original pleading or the discovery of new information. Amyndas Pharms., S.A., 48 F.4th at 37.  Once a party becomes aware of the potential shortcomings in its pleading, however, it cannot simply wait and see if a court finds in its favor and only then seek to amend in the face of an unfavorable decision. Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 61 (1st Cir. 2018).

In ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46 (1st Cir. 2008), for example, the First Circuit affirmed a denial of a motion for leave to amend that was filed 18 months after plaintiffs filed their first amended complaint. Id. at 54-55. Because the grounds upon which they sought to amend under the Securities Exchange Act had long been known to them, they were not entitled to wait for more than one year and see if the complaint was rejected before filing a second amended complaint. Id.

Here, plaintiff filed his complaint in February, 2024, but did not seek leave to amend until nearly 18 months later.  That extensive delay tips the equities against the plaintiff and increases his burden of proving that it was not "undue". See Hayes, 602 F.2d at 19; Calderón-Serra, 715 F.3d at 20.

To justify his request to amend, plaintiff asserts no newly-discovered information that only now permits him to bring a claim for failure to train, see Amyndas Pharms., S.A., 48 F.4th at 37, but instead bases his request upon facts that were known or readily available to him since he filed the original complaint. Much like the plaintiffs in Kader, 887 F.3d at 61, and ACA Fin. Guar. Corp., 512 F.3d at 55-56, plaintiff waited in the wings for more than a year and now moves to amend only after this Court's adverse decision. That is precisely the kind of wait-and-see approach that the First Circuit has rejected. See Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362, 365 (D. Mass. 2009) (indicating that request to amend are viewed unfavorably when the facts were known to a plaintiff from the outset).

As the First Circuit has warned, permitting such a dilatory, wait-and-see approach to amendment would result in:

> delays, inefficiencies, and wasted work . . . impose unnecessary costs and inefficiencies [and place a burden] on both the courts and party opponents.

ACA Fin. Guar. Corp., 512 F.3d at 57. In short, plaintiffs do not get "leisurely repeated bites at the apple" and, therefore, Mazza's motion for leave to amend will be denied. Id. Because undue delay alone is sufficient grounds to deny leave to amend, see Calderón-Serra, 715 F.3d at 20, the Court declines to

address the City's alternative argument that amendment would be futile because the new facts plaintiff attempts to allege would not amount to an actionable claim for failure to train.

### ORDER

For the foregoing reasons, the motion of plaintiff, Anthony Mazza, for leave to amend (Docket No. 33) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 16, 2025