United States District Court
District of Massachusetts

```
                                    )
Anthony Mazza,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No.
                                    )     24-10333-NMG
City of Boston, et al.,             )
                                    )
            Defendants.             )
                                    )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff, Anthony Mazza ("plaintiff" or "Mazza"), served 47 years in prison for murder.  In 2021, his conviction was overturned and then expunged two years later.  He initiated the instant lawsuit against the City of Boston ("the City") and several Boston Police Officers ("the Officers") in 2024, alleging that they violated his civil rights during their investigation of the murder for which he was convicted.

In a prior memorandum and order, this Court denied plaintiff's motion to compel the City to accept service for the Officers, all of whom were deceased when the instant suit was filed.  In relevant part, the Court held that the City was not required to indemnify the Officers under the Collective Bargaining Agreement ("the CBA") and that the CBA is not a policy of liability bond.

- 1 -

Plaintiff now moves to amend his complaint to replace certain Officers with their estates.  The City opposes that motion, contending amendment would be futile because plaintiff does not have a viable claim against the estates.  For the reasons that follow, the motion will be denied.

## I.    **Legal Standard**

When a party seeks leave to amend his complaint, courts will "freely" grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(3).  The First Circuit Court of Appeals has recognized that the amendment standard does not present a "high hurdle" to the moving party. Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013).  Leave to amend should be denied, however, if it stems from

> undue delay, bad faith . . . [or] the absence of due diligence on the movant's part [or if amendment would result in] undue prejudice to the opposing party.

Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend will also be denied if it would be futile such that the amended complaint would fail to state a claim upon which relief can be granted. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  In essence, a decision to allow or deny an amendment requires the Court to examine carefully the totality of the circumstances and to exercise its broad discretion.

- 2 -

Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

## II. Analysis

Plaintiff seeks leave to replace the Officers, who were originally named as defendants, with their estates, noting that Massachusetts state law allows a plaintiff to proceed against representatives of deceased defendants. M.G.L. c. 190B §3-803(a).  While a litigant generally may not bring an action against the personal representative of an estate unless the action was commenced within one year of the death of the decedent, there is an exception to that general rule. Subsection (d)(2) provides that:

> Nothing in this section affects or prevents ... an action for personal injury or death, if commenced more than 1 year after the date of death of the decedent, brought against the personal representative; provided further, that the action is commenced not later than 3 years after the cause of action accrues; and provided further, that a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate[.]

Id. §3-803(d)(2).

Plaintiff contends that his case falls within that exception to the one-year statute of limitations because his claims sound in personal injury and were filed within three years of the accrual of the action.  The Officers died decades ago but the Court accepts as true that plaintiff's claim accrued

on March 2, 2021 and plaintiff filed his complaint on February 9, 2024, within three years of that accrual.

Plaintiff does not, however, acknowledge that his entitlement to the relief under subsection (d)(2) also turns on whether his claims are covered by a policy of liability bond or liability insurance. Rosario v. Waterhouse, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019). As previously noted, the Court has already held that the CBA is not a policy of liability bond and plaintiff does not identify any other potential policy of liability bond or liability insurance. Accordingly, he does not have a viable claim against the estates of the deceased police officers and amendment would be futile. See Beauregard v. Epstein, 1994 WL 523816, at *1 (D. Mass. Sept. 19, 1994) (denying plaintiff's motion to add new defendants "because there is no possibility of recovery against them").

Although plaintiff's claim deserves empathy, it cannot be sustained by the law.

- 4 -

## ORDER

For the foregoing reasons, the motion of plaintiff, Anthony Mazza, for leave to amend (Docket No. 39) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated:   June 11 , 2026

- 5 -